IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEAVENLY HAM CO., et al., | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | No. 04 C 2577 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| THE HBH FRANCHISE COMPANY, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM OPINION AND ORDER

## BACKGROUND

Heavenly Ham Co. and Honey Baked Ham Co., Illinois (collectively "plaintiffs") sue The

HBH Franchise Co., L.L.C., The Original Honey Baked Ham Co. of Georgia, Inc., and HH Franchise

Co., L.L.C., f/k/a Franco Acquisition Co., L.L.C. (collectively "defendants") for breach of contract,

tortious interference with contractual relations and prospective economic advantage, declaratory and

injunctive relief to protect trade secrets, and trade secret misappropriation. Defendants counterclaim

for breach of contract, breach of fiduciary duty, fraud and declaratory relief. On February 7, 2005,

the parties' summary judgment motions were granted in part. Plaintiffs move for reconsideration

of summary judgment in defendants' favor on plaintiffs' tortious interference claims and request for

declaratory relief.

Plaintiffs' motion is presumably brought pursuant to Fed. R. Civ. P. 59(e). Motions for

reconsideration serve the limited function of either correcting manifest errors of law or presenting

newly-discovered evidence. *Publishers Res. Inc. v. Walker-Davis Pub., Inc.*, 762 F.2d 557, 561 (7th

1

Cir. 1985); *Calumet Lumber, Inc. v. Mid-America Industrial, Inc.*, No. 95 C 4875, 1996 U.S. Dist. LEXIS at *4-5 (N.D. Ill. June 3,1996). Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments. *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion for reconsideration is appropriate only when:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*, 123 F.R.D. at 288.

## A. Declaratory Relief

Summary judgment was granted to defendants on plaintiffs' request for a declaration that the parties' assignment agreement requires plaintiffs' approval to make changes to the trademarked product. The court held the agreement does not contain an approval requirement and Section 2 of the agreement grants defendants a license to use the trademark interests without limitation or restriction. Plaintiffs argue the court erred because Section 2 grants an assignment, not a license. Instead, plaintiffs contend the license granted by Section 11 requires plaintiffs' consent to make changes to the product. Plaintiffs conclude the court's reference to the wrong section of the agreement warrants a declaration that changes to the trade secrets require plaintiffs' approval.

Plaintiffs' argument must fail. The court did mistakenly reference Section 2, instead of Section 11, as providing an unrestricted license. However, the result remains the same. Section 11

2

grants a license that is "exclusive . . . unrestricted, irrevocable, royalty free, fully paid up and perpetual." Heavenly Facts Ex. 10. The license is without limitation and does not require plaintiffs' approval to make changes to the trademarked products. Therefore, summary judgment on the requested declaratory relief remains appropriate and the motion for reconsideration must be denied.

## B.     Tortious Interference Claims

The court granted summary judgment on plaintiffs' tortious interference with contractual relations and prospective economic advantage claims because defendants' interference was privileged and justified. Plaintiffs argue the holding was erroneous because: (1) whether plaintiffs' machines caused spoiled hams was determined a question of fact;[1] and (2) the basis for defendants' privilege – the desire to produce safe, quality products – is pretextual.

The court's determination that defendants acted to control the hams' quality is not inconsistent with the finding there is an issue of fact regarding the cause of spoiled hams. Plaintiffs incorrectly assert defendants' privilege is destroyed if a jury were to find plaintiffs' machines did not cause the 2001 spoilation problem. An issue of fact on the cause of the spoiled hams does not preclude a finding that defendants acted to ensure the quality of hams. In other words, defendants' actions may be privileged even if the basis for those actions was erroneous. Plaintiffs provide no authority suggesting defendants must prove plaintiffs' machines in fact caused the spoilation problems to avail themselves of the privilege to interfere.

---

[1]The court found that in 1985 or 1986, and continuing every other year thereafter, defendants began receiving spoiled hams and that a system-wide supply of spoiled hams occurred in 2001. Dkt. No. 88 at 6. The court found an issue of fact exists regarding whether plaintiffs' machines caused the spoiled hams, and denied plaintiffs' motion for summary judgment on defendants' breach of contract counterclaim. *Id.* at 23.

Plaintiffs' second argument must also be rejected. Preliminarily, the pretext argument was not developed on summary judgment. Plaintiffs' primary argument opposing summary judgment on the tortious interference claims challenged the existence of a privilege to interfere. *See* Resp. at 13-15. The court determined the legal privilege exists, and plaintiffs now argue defendants interfered, not to ensure the quality of the product, but to obtain plaintiffs' former stream of revenue. "A motion under Rule 59(e) is not authorized 'to enable a party to complete his case after the court has ruled against him.'" *In the Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996), *quoting Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

In any event, plaintiffs do not raise a genuine issue of fact regarding defendants' reason for the alleged interference. "[A] scintilla of evidence in support of the non-movant's position is not sufficient to successfully oppose a summary judgment motion; there must be evidence on which the jury could reasonably find for the non-movant." *Long v. AMA*, No. 03 C 3156, 2004 U.S. Dist. LEXIS 8641, *12 (N.D. Ill. May 17, 2004), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiffs rely on evidence indicating defendants planned on receiving, and did in fact receive, a $.05 per pound revenue after replacing plaintiffs' slicing machines with their own. However, this evidence is not inconsistent with defendants' assertion that their impetus for replacing the machines was concern for the product's safety and quality. Further, plaintiffs' evidence does not create an issue of fact as to whether defendants' conduct was justified. To establish defendants' conduct was unjustified, and thus not privileged, plaintiffs "must show conduct 'which is totally unrelated or even antagonistic to the interest which gave rise to defendant's privilege.'" *Williams v. Shell Oil Co.*, 18 F.3d 396, 402-03 (7th Cir. 1994). Plaintiffs have not established, nor argued, that defendants' receipt of a slicing fee is totally antagonistic to defendants' interest in producing safe,

4

quality products. Indeed, the undisputed evidence shows defendants received spoiled hams while using plaintiffs' machines, plaintiffs' machines were difficult to clean, and defendants informed plaintiffs that the machines were being removed due to bacteriological and efficiency concerns.

## **CONCLUSION**

The motion for reconsideration must be denied.

March 10, 2005

ENTER:

Suzanne B. Conlon
United States District Judge

5